**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FROILAN MEJIA-OLVERA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2361-J** |
| | ) | |
| **STEVEN GANTT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Froilan Mejia-Olvera, a federal prisoner proceeding pro se, initiated this action by filing a complaint alleging violations of his civil rights. Doc. 1. United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons below, the undersigned recommends that the Court dismiss the action without prejudice.

## I. Background

Upon initial review, the undersigned determined Plaintiff's complaint did not provide the information required to initiate this action and Plaintiff had not paid the required filing fee or, alternatively, applied for leave to proceed in forma pauperis ("IFP"). On September 8, 2026, the Court explained to Plaintiff that he needed to cure various deficiencies in his initiating documents. Doc. 7. Specifically:

1. The Court informed Plaintiff that his complaint, Doc. 1, did not provide proper notice to the named defendants or otherwise comply with Federal Rule of Civil Procedure 8, and ordered Plaintiff to file an amended complaint using the Court's approved form.

2. The Court informed Plaintiff that he must either pay a filing fee of $405.00 or seek leave to proceed in forma pauperis, and ordered

> Plaintiff either to pay the filing fee or to file an application to proceed in forma pauperis using the Court's approved form.

Doc. 7 at 1-3 (citing Fed. R. Civ. P. 8, LCvR3.2(b)).

The Court ordered Plaintiff to cure the deficiencies not later than September 29, 2026, and warned that failure to do so may result in dismissal of this action. *Id.* at 3. Staff notes on the Court's ECF docket indicate the Clerk of Court mailed the Order and the appropriate forms to Plaintiff at his last known address. *See* LCvR5.4 (stating that documents mailed by the Court are "deemed delivered if sent to the last known address given to the court"). Plaintiff filed a notice of change of address on October 5, 2026 (dated September 29, 2026). Doc. 10. However, the Postmaster has returned no mailed documents back to the Court as undeliverable. Accordingly, there is no indication Plaintiff did not receive the Court's September 8th Order.

## II. Amended Complaint

The case docket indicates that, as of this date, Plaintiff has failed to comply with the Order, as he has not filed an amended complaint. Nor has he attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

## III. Application to proceed IFP

A review of the docket indicates Plaintiff has attempted to apply for leave to proceed IFP. Shortly after the Court's September 8th Order, Plaintiff filed a motion requesting leave to proceed IFP and that the Court "send proper forms to plaintiff." Doc. 8 at 2. It appears this motion may have crossed in the mail with the Court's September 8th Order,

which included blank copies of both the Court's approved civil rights complaint form and the Court's approved IFP form.

Plaintiff then filed an application for leave to proceed IFP, using the Court's approved form. Doc. 9. However, the application form did not include the required information from and signature of an official of the custodial facility. *See id.* at 3-4.

## IV. <u>**Discussion**</u>

A court has the inherent authority to manage its own affairs and may dismiss an action if the plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Id.* And Plaintiff's pro se status does not exempt him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Plaintiff failed to comply with the Court's Order and rules, as well as the Federal Rules of Civil Procedure. These failures, combined with the Court's inherent power to manage judicial resources, warrant dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**. Adoption of this recommendation would moot Plaintiff's applications to proceed IFP, Docs. 8 and 9. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than November 4, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**IT IS SO ORDERED** this 14th day of October, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE